IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

     Plaintiff,                            No. CR-S-02-079 KJM

    vs.

WESLEY SINE,                            ORDER

     Defendant.

_____/

        Defendant Wesley Sine has filed a motion for early termination of supervised release and cancellation or reduction of his obligation to pay restitution. The government has opposed both facets of the request and defendant has replied. The motions are DENIED, as explained below.

I. <u>Background</u>

        On August 11, 2005, following his conviction of four counts of mail fraud, 18 U.S.C. § 1341, defendant Wesley Sine was sentenced to a total term of seventy months in prison, to be followed by a total term of thirty-six months of supervised release. ECF Nos. 145, 168. In addition, the court imposed a total restitution obligation of $2,294,000.00, jointly and severally

/////

/////

1

with co-defendant Darra Panthaky. *Id*. The Ninth Circuit's opinion in movant's appeal provides the backdrop for this restitution figure:

> Defendant Wesley Sine, a Utah lawyer, helped run a pyramid scheme that defrauded victims of more than two million dollars. Sine's role in the scheme was to reassure individuals that they were lending money to a legitimate real estate investor and that millions of dollars in legitimate collateral protected them in case of default. Once the scheme began to unravel and it became clear that the collateral was worthless, Sine began to weave a "good faith" defense to his actions, claiming it was as much of a surprise to him as to anybody else that the collateral was illusory. To give credence to this story, Sine filed a number of lawsuits that purported to seek recovery of the value of the collateral. Ultimately, however, these lawsuits just added to Sine's troubles: An Ohio federal district court rejected his factual claims, enjoined his recovery efforts, held him in contempt, and denounced on the record his "chicanery, mendacity, deceit, and pretense."

*United States v. Sine,* 493 F.3d 1021, 1023-24 (9th Cir. 2007). The Ninth Circuit affirmed Sine's conviction and this court later denied his motion to vacate his sentence. ECF Nos. 213, 215.

On March 12 and 27, 2012, Sine filed motions for the cancellation of the remainder of his term of supervised release and cancellation or reduction of the restitution obligation by an amount he claims was discharged as the result of a dismissal of a civil suit against him, stemming from the underlying investment scheme. He argues that during his time in prison, he worked to rehabilitate himself through a self-directed course of study and by serving as a GED teacher and Town Driver, driving released men to the bus station and picking up those transferring to Big Springs, where he served part of his sentence. ECF No. 218 at 4-6. Since his release, Sine says he has continued to participate in service activities with the Kiwanis Club and his church, as well as working six days a week. *Id*. at 7-8. He contends that if supervised release is terminated, he will be able to get a better job.[1]

/////

---

[1] Sine neither identifies his current job nor suggests what increased opportunities might be open to him should the remainder of his term of supervised release be terminated. In his reply, he says he has recently been terminated because of workforce reductions. ECF No. 222 at 4.

2

Sine asks that approximately one million dollars be credited against his restitution obligation as the result of the dismissal of a civil suit filed by some of the defrauded investors and that the remainder of the restitution be waived, largely because of his age and because his co-defendant received most of the money from the pyramid scheme.

I. Early Termination Of Supervised Release

Under 18 U.S.C. § 3583(e)(1), a court may terminate a term of supervised release any time after the defendant has served a year under such supervision if it is satisfied that the "action is warranted by the conduct of the defendant and the interests of justice." In determining whether to grant early termination, the court must be guided by a consideration of the factors specified in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7), which concern "'general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency,'" as well as the need for restitution. *United States v. Weintraub*, 371 F.Supp.2d 164, 166 (D. Conn. 2005) (quoting *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997)). It is the offender's burden to demonstrate the propriety of such a course of action. *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

Sine argues he has taken advantage of many opportunities to rehabilitate himself, continues to serve his community, and works hard at his job yet sometimes goes without necessities because of his restitution obligation and his church donations. However, "'model prison conduct and full compliance with the terms of supervised release is what is expected of [defendant] and all others serving terms of supervised release and does not warrant early termination.'" *Weintraub*, 371 F.Supp.2d at 166-67 (quoting *United States v. Rasco*, No. 88CR817(CCH), 2000 WL 45438, at *2 (S.D.N.Y. Jan 19, 2000)).

Here, however, the court finds determinative the need for restitution in this case. Sine acknowledges that during his incarceration, he paid $25 to $40 a month, which has increased to $400 a month since his release. ECF No. 218 at 4. As the United States notes, these amounts have come nowhere near satisfying the victims' losses in this case. Because of the need

for continued payment of restitution, the court declines to terminate Sine's supervised release early.

II. Termination Of Or Credit Against Restitution Amount

Under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §§ 3663A-3664, those convicted of mail fraud must pay restitution to their victims. *United States v. Louper-Morris*, 672 F.3d 539, 566 (8th Cir. 2012). Some courts have questioned whether restitution imposed under the MVRA may be reduced. *See United States v. Barskie*, No. 02-CR-975 (NGG), 2007 WL 1756133, at *2-3 (E.D.N.Y. June 18, 2007) (collecting cases). This court need not reach this issue, as it has determined that the importance of restitution to the victims of this extensive fraudulent scheme supports maintaining Sine on supervised release with the continuing obligation of making restitution payments.

Whether or not this court has the authority to reduce the restitution award, it may offset any amounts the victims have received against the total restitution imposed. *See* 18 U.S.C. § 3664(j)(2). It is defendant's burden to show he is eligible for an offset. *United States v. Elson*, 577 F.3d 713, 734 (6th Cir. 2009). Sine has provided documents from a civil suit filed in New Jersey Superior Court against him and co-defendants by some of the victims of his fraud; the documents include the complaint and the victims' dismissal of the action with prejudice. *See* ECF No. 218 at 20-26 (complaint), 15 (dismissal with prejudice). He argues the dismissal shows this group of victims "waived their right for future payment and satisfied their payment of past rights" and speculates that BB&T Bank, another defendant in the civil suit, paid the victim/plaintiffs. ECF No. 218.

Restitution is imposed not because the victims have any legal entitlement to it, but "as a means of achieving penal objectives such as deterrence, rehabilitation or retribution." *United States v. Cloud*, 872 F.2d 846, 854 (9th Cir. 1989). Because victims have no legal entitlement to restitution, they cannot waive it by settling. *Id*.

/////

In *United States v. Hairston*, 888 F.2d 1349 (11th Cir. 1989), the defendant argued that the court lacked authority to impose restitution because the victim dismissed a state court action with prejudice. The court said that while the state court dismissal "has the effect of preventing [the victim] from maintaining an action in federal court on this claim," it did "not prevent a federal court judge from imposing punishment on [defendant] in a federal criminal case." It also observed that the "penal purposes" of a restitution order "could not have been litigated in the civil case." *Id*. at 1355.

As noted, Sine would be entitled to an offset if the victims in fact have received some compensation, but his speculation that the bank must have paid the victims does not substitute for the proof necessary to prevail on his claim of offset. *Elson*, 577 F.3d at 734 (proof of a settlement not sufficient, without proof of payments in connection with the settlement, to show that victim was compensated for his loss); *Louper-Morris*, 672 F.3d at 566-67 (no reduction in restitution when defendant failed to show that victim had received any payments in satisfaction of civil judgment). Moreover, the victims' decision to dismiss their civil suit with prejudice cannot be deemed a waiver of their right to restitution or have any res judicata or collateral estoppel effect on the restitution determination.

IT IS THEREFORE ORDERED that defendant Sine's motions for early termination of supervised release and reduction of restitution (ECF Nos. 216 & 218) are denied.

DATED: May 23, 2012.

_____
UNITED STATES DISTRICT JUDGE